IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV103 |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL JOHN HANSEN, a private man, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Paul John Hansen's notice of removal (Filing No. 1). Hansen filed his notice on March 20, 2009, pursuant to 28 U.S.C. § 1446. (*See Id.*)

In accordance with 28 U.S.C. § 1446(c)(4), the Court has carefully reviewed the notice and finds that "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." *Id.* Hansen's conviction in the Nebraska state court is final, and there is no "pending prosecution" which may be removed.[1] If Hansen wishes to challenge his state-court conviction in this Court, he must file

---

[1] The Court notes that the notice of removal is also untimely. Title 28, United States Code, Section 1446(c)(1), requires that a notice of removal of a criminal prosecution be filed "not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier." *Id.* Hansen was arraigned on March 9, 2007, and after trial, was sentenced on June 7, 2007. *State of Neb. v. Hansen*, 2008 WL 2930214, at 1, 4 (Neb. App. 2008). Thus, the notice of removal was filed well over one year too late.

a petition for writ of habeas corpus.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 27th day of March, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court